IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FIRAS M. AYOUBI,
#R66956,

      Plaintiff,

  vs.                                      Case No. 18-cv-1689-MJR

WEXFORD,
CHRISTINE BROWN,
SCOTT THOMPSON,
DR. BUTALID,
DR. MEYERS, and
UNKNOWN PARTY (Dr. A and Dr. B),

      Defendants.

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Firas M. Ayoubi, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Pinckneyville Correctional Center ("Pinckneyville"), filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint (Doc. 1) is now before the Court for screening pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Plaintiff has also filed a Motion for a Temporary Restraining Order ("TRO") and/or Preliminary Injunction (Docs. 2 and 2-1), which shall be addressed below.

### Preliminary Matter – Filing Fee

Plaintiff has not paid the $400 filing fee, nor has he sought leave to proceed *in forma*

*pauperis* ("IFP") in this case as he is required to, see 28 U.S.C. § 1914(a). As a matter of course, the Clerk of Court has sent notice that Plaintiff has 30 days to either pay or move for IFP status. (Doc. 3). Regardless, because Plaintiff seeks emergency injunctive relief, the Court will immediately take up the case. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012). However, Plaintiff must still meet his obligations with regard to the filing fee. Plaintiff must either pay the $400 filing fee or submit a motion for leave to proceed IFP in this action, together with his inmate trust fund account statement for the six-month period prior to the filing date of this case (March 1, 2018 to September 6, 2018), no later than October 8, 2018. If Plaintiff fails to either pay or submit his IFP motion, this action shall be subject to dismissal for failure to comply with an order of the Court. *See* FED. R. CIV. P. 41(b).

## The Complaint

The following is a summary of Plaintiff's allegations. Additional allegations will be discussed as necessary in evaluating Plaintiff's claims.

In 2016, before arriving at Pinckneyville, Plaintiff began experiencing troubling neurological symptoms (involuntary twitching in his right shoulder and head). (Doc. 1, p. 5). By 2017, when Plaintiff was detained at Stateville Correctional Center, the symptoms had progressed to include severe convulsions in his torso and twisting and jerking in his extremities. (Doc. 1, pp. 5-6). In January 2018, Plaintiff was transferred to Pinckneyville. (Doc. 1, p. 6). Since arriving at Pinckneyville, Plaintiff has repeatedly sought treatment for his worsening neurological symptoms. (Doc. 1, pp. 6-14). During this time, various medical providers have opined that Plaintiff may be suffering from a form of Chorea, such as Parkinson's or Huntington's Disease. (Doc. 1, pp. 7-9). Plaintiff claims Defendants have been deliberately indifferent to his condition by failing to treat his pain, delaying and/or denying treatment, repeatedly refusing to refer him to a specialist, and/or refusing to renew his bottom bunk permit.

(Doc. 1, pp. 6-22).

In connection with his claims, Plaintiff seeks injunctive relief and any other relief the Court deems fair and just. (Doc. 1, pp. 19-22). Plaintiff is suing Wexford Health Sources Inc. ("Wexford"), Healthcare Administrator Christine Brown, Dr. Butalid, Dr. Meyers, Unknown Party (Dr. A.), Unknown Party (Dr. B.), and Warden Scott Thompson.[1] (Doc. 1, pp. 2-3).

## Designation of Counts

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

**Count 1:** Eighth Amendment claim against Wexford, Brown, Thompson, Butalid, Meyers, Unknown Party (Dr. A), and Unknown Party (Dr. B) for exhibiting deliberate indifference to Plaintiff's serious medical needs (worsening neurological symptoms and associated pain).

**Count 2:** State law medical malpractice claim against Butalid, Meyers, Brown, Wexford, Unknown Party (Dr. A), and Unknown Party (Dr. B).

## Merits Review Under Section 1915(A)

### Count 1

Count 1 states a plausible Eighth Amendment claim as to Dr. Meyers and Unknown Party

---

[1] Plaintiff states that Warden Thompson is a defendant in his official capacity for purposes of addressing his requests for injunctive relief. (Doc. 1, p. 2). However, he also claims that Warden Thompson, in conjunction with Wexford and Administrator Brown, have implemented cost-cutting policies that are preventing him from receiving necessary medical care. (Doc. 1, p. 18). Accordingly, the Court views the Complaint as asserting claims against Warden Thompson in his individual and official capacity.

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

(Dr. B.) for failing to treat Plaintiff's neurological symptoms and associated pain, delaying treatment, and/or refusing to renew Plaintiff's bottom bunk permit (Doc. 1, pp. 7, 10-11, 12); Healthcare Administrator Brown and Unknown Party (Dr. A) for denying treatment and/or referral to a specialist for non-medical reasons (Doc. 1, pp. 8, 10); Dr. Butalid for failing to treat Plaintiff's neurological symptoms, including pain, and/or for delaying or denying treatment for non-medical reasons (Doc. 1, pp. 8-9, 11). *See* e.g., *Farmer v. Brennan*, 511 U.S. 825 (1994); *Perez v. Fenoglio,* 792 F.3d 768 (7th Cir. 2015). Plaintiff has also stated a viable claim against Warden Thompson, Administrator Brown, and Wexford, to the extent that he is alleging these defendants implemented and/or maintained cost-cutting policies aimed at denying inmates access to expensive treatment (by delaying or denying referrals to specialists outside the prison) (*see* Doc. 1, pp. 11, 13-14, 18-19). *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Del Raine v. Williford*, 32 F.3d 1024, 1047 (7th Cir. 1994) (personal involvement can take the form of formulating and directing an unconstitutional policy).

Accordingly, Count 1 shall receive further review as to Wexford, Brown, Thompson, Butalid, Meyers, Unknown Party (Dr. A), and Unknown Party (Dr. B).

**Count 2**

Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations,

and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a). A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavits or reports. Therefore, the claim in Count 2 shall be dismissed. However, the dismissal shall be without prejudice at this time, and Plaintiff shall be allowed 35 days to file the required affidavit(s), if he desires to seek reinstatement of this claim. The certificate(s) of merit must also be filed, in accordance with the applicable section of §5/2-622(a). Should Plaintiff fail to timely file the required affidavits/certificates, the dismissal of Count 2 may become a dismissal with prejudice.

### Motion for Temporary Restraining Order or Preliminary Injunction

Plaintiff has filed a Motion for a TRO and/or Preliminary Injunction. (Docs. 2, 2-1). Insofar as the Motion seeks a TRO, it is **DENIED**. However, that portion of the motion which

seeks a preliminary injunction is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further consideration.

A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days. A TRO may issue without notice:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b). In the prison context, the orders are typically employed "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

Without expressing any opinion on the ultimate merits of any of Plaintiff's other claims for relief, the Court concludes that a TRO should not issue in this matter. Plaintiff describes potentially serious neurological symptoms which may be associated with a progressive disease such as Parkinson's or Huntington's. Plaintiff seeks treatment from an outside specialist to diagnose and treat his condition. Plaintiff also fears that, because of his involuntary twitching and convulsions, without appropriate care, he could be injured in a number of ways. For instance, Plaintiff is concerned he might fall from the top bunk in his cell. He also believes that, if he inadvertently elbows or bumps another inmate, he could be assaulted. Although the Court is concerned with Plaintiff's potentially serious medical condition, relative to whether a TRO is warranted, the Complaint does not clearly show that immediate and irreparable injury will occur *before Defendants can be heard*.

However, as noted above, the Court finds that Plaintiff's request for preliminary injunctive relief deserves prompt consideration. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local

Rule 72.1(c), Plaintiff's motion for a preliminary injunction is hereby **REFERRED** to United States Magistrate Judge Stephen C. Williams, who shall resolve the request as soon as practicable and issue a Report and Recommendation.

### Injunctive Relief and Unknown Parties

Warden Thompson is an appropriate official capacity defendant with respect to Plaintiff's request for injunctive relief. *Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). He will also be responsible for responding to discovery aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designation in the case caption and throughout the Complaint.

### Disposition

**IT IS ORDERED** the Motion for a Temporary Restraining Order or Preliminary Injunction (Doc. 2) is **DENIED** with respect to Plaintiff's request for a temporary restraining order. With respect to Plaintiff's request for a preliminary injunction, the Motion is **REFERRED** United States Magistrate Judge Stephen C. Williams, who shall resolve the request for injunctive relief as soon as practicable and issue a Report and Recommendation.

**IT IS FURTHER ORDERED** that **COUNT 1** will proceed as to **WEXFORD, BROWN, THOMPSON, BUTALID, MEYERS, UNKNOWN PARTY (DR. A),** and **UNKNOWN PARTY (DR. B)**.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to move the Court to reinstate the medical malpractice/negligence claim(s) in **COUNT 2**, Plaintiff shall file the required

affidavit(s) pursuant to 735 Ill. Comp. Stat. §5/2-622, within 35 days of the date of this order (on or before October 12, 2018). Further, Plaintiff shall timely file the required written report(s)/certificate(s) of merit from a qualified health professional, in compliance with §5/2-622. Should Plaintiff fail to timely file the required affidavits or reports, the dismissal of **COUNT 2** may become a dismissal with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **WEXFORD, BROWN, THOMPSON, BUTALID,** and **MEYERS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the unknown defendants until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service address

for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 7, 2018**

s/ MICHAEL J. REAGAN  
**Chief Judge**  
**U.S. District Court**