IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FIRAS M. AYOUBI,

    Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC.,
CHRISTINE BROWN, SCOTT
THOMPSON, ALBERTO BUTALID,
PERCY MEYERS, STEPHEN RITZ and
ALISA DEARMOND,

    Defendants.

Case No. 18-cv-1689-NJR-GCS

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Gilbert C. Sison (Doc. 99), which recommends denying the Motion for Preliminary Injunction filed by Plaintiff Firas Ayoubi ("Ayoubi") (Docs. 2 and 23-1). The Report and Recommendation was entered on July 19, 2019 (Doc. 99), and Ayoubi filed a timely objection (Doc. 103). For the following reasons, the Court adopts the Report and Recommendation and denies the Motion for Preliminary Injunction.

### BACKGROUND

On September 6, 2018, Ayoubi, a former inmate at Pinckneyville Correctional Center, filed a *pro se* Complaint alleging that Defendants have been deliberately indifferent to a serious medical condition (Doc. 1). Ayoubi alleges that he suffers from a "nervous tic" which causes involuntary twitching and jerking, and places him in "constant" pain and "severe discomfort." (Doc. 1). The following claim survived threshold review:

    Count 1:    Eighth Amendment claim against Wexford Health Sources, Inc., Christine Brown, Scott Thompson, Dr. Alberto Butalid, Dr. Percy Meyers, Dr. Stephen Ritz, and Alisa Dearmond for exhibiting deliberate indifference to Ayoubi's serious medical needs (worsening

neurological symptoms associated with pain).[1]

On September 6, 2018, Ayoubi filed a motion for preliminary injunction, requesting a referral to a neurologist (Doc. 2). He also requests specialized housing until treated by the neurologist (*Id*.). On November 2, 2018, Ayoubi requested to supplement his motion for preliminary injunction, and Judge Sison granted that request (*See* Docs. 23 and 24). Judge Sison held a hearing on this motion on June 21, 2019, and heard testimony from Ayoubi, Defendant Butalid, Defendant Myers and Defendant Ritz.[2]

In Judge Sison's Report and Recommendation currently before the Court (Doc. 99), he recommends that the request for a preliminary injunction be denied. Judge Sison reasoned that Ayoubi has not provided the Court with verifiable evidence that his condition presents a serious medical need requiring immediate attention. He noted that, although Ayoubi believes he suffers from Huntington's Disease or Parkinson's Disease, both of which would satisfy the first prong, the record is not clear that Ayoubi actually suffers from either of these conditions. Judge Sison further found that the record does not reveal that Defendants knew of and disregarded an excessive risk to his health. In light of the fact that Ayoubi had not made a showing that examination by an outside neurologist is necessary, Judge Sison did not feel it appropriate to "interfere with the internal administration of state prisons." (Doc. 99, p. 7).

## DISCUSSION

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject, or modify the magistrate judge's recommended

---

[1] Dr. Stephen Ritz was substituted for Unknown Party Dr. A. and Alisa Dearmond was substituted for Unknown party Dr. B (*See* Docs. 26 and 83).
[2] Subsequent to the filing of the motion for preliminary injunction, Ayoubi was transferred to Dixon Correctional Center. The parties agreed during the hearing that the motion for preliminary injunction applies only to Wexford in light of Ayoubi's transfer (Doc. 99, n. 2).

decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

As noted above, Ayoubi has filed an objection to the Report and Recommendation (Doc. 103). This timely objection requires the Court to undertake a *de novo* review of the Report and Recommendation. Ayoubi argues that the Report and Recommendation fails to adequately state the facts and apply the applicable law to the facts and circumstances of this case.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The purpose of a preliminary injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). To obtain a preliminary injunction, a plaintiff has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), citing *Am. Civil Liberties Union of Ill. v. Alvarez,* 679 F.3d 583, 589–90 (7th Cir. 2012).

Once the plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984); *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success on the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665.

In the context of prisoner litigation, the scope of the Court's authority to enter an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further

than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Ayoubi argues that the Report and Recommendation fails to adequately state the facts and apply the applicable law to the facts and circumstances of this case. The Court has considered all of Ayoubi's arguments and finds the Report and Recommendation to be sound.

For instance, Ayoubi argues that Judge Sison's conclusion that he did not see any evidence from Ayoubi's face that he was in pain at the preliminary injunction hearing is in contravention of Seventh Circuit law, citing *Ayoubi v. Dart*, 729 F. App'x 455 (7th Cir. 2018) and *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005). But Judge Sison merely noted his own observations, along with considering the observations of others, such as Dr. Meyers and a nurse who treated Ayoubi on November 2, 2018, to conclude that Ayoubi did not provide the Court with verifiable evidence that his condition presents a serious medical need.

Even if Ayoubi can establish that his condition presents a serious medical need, he has not established that he is likely to succeed on the merits of the second element. The second element a plaintiff must establish for a deliberate indifference claim is that a state official acted with the requisite culpable state of mind. *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Federal courts will not interfere with a physician's decision to pursue a particular course of treatment unless that decision represents so significant a departure from accepted professional standards or practices that it calls into question whether the physician was actually exercising professional judgment. *Pyles v. Fahim*, 711 F.3d 403, 409 (7th Cir. 2014).

As Judge Sison recognized, the records show that Defendants treated Ayoubi based on their objective findings after evaluating him. In response to Ayoubi's complaints, he was placed in the infirmary and monitored for three days in June 2019. Ayoubi was referred to behavioral health, prescribed Motrin for pain, and had a panel of tests performed. At this point in time, the doctors believe the appropriate treatment plan is to monitor Ayoubi, rather than refer him to a neurologist. Ayoubi has not shown that a fact finder would conclude that this treatment was "'so blatantly

inappropriate as to evidence intentional mistreatment likely to seriously aggravate' a medical condition." *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007).

Ayoubi also argues that there is evidence of progression or deterioration of his medical condition in the record, as set forth in his sworn affidavit and corroborated by Dr. Kohn. Ayoubi mentions in his affidavit that, in the last eight months, laying down, running, or walking does not help to slow down the frequency or brevity of the symptoms. Dr. Kohn wrote in his report that, based on the record, Ayoubi's movements, as described, have become more frequent, more readily seen on routine observation and more bothersome. But this does not give the Court reason to believe that Ayoubi's symptoms have escalated to a point or his health has deteriorated to a point that such drastic relief is necessary.

In sum, the Court finds no justification for the "extraordinary and drastic remedy" of injunctive relief. *Mazurek*, 520 U.S. at 972. Ayoubi has failed to reach the threshold burden for injunctive relief, and the Court finds no reason to reject Judge Sison's recommendation.

## Conclusion

For the reasons set forth above, the Court **OVERRULES** the Objection to Judge Sison's Report and Recommendation (Doc. 103), **ADOPTS** Judge Sison's Report and Recommendation (Doc. 99), and **DENIES** the Motion for Preliminary Injunction (Docs. 2 and 23-1).

**IT IS SO ORDERED.**

**DATED:   September 5, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**