UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| FIRAS M. AYOUBI, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  3:18-CV-01689-NJR-GCS |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| CHRISTINE BROWN, | ) | |
| SCOTT THOMPSON, | ) | |
| ALBERTO BUTALID, | ) | |
| PERCY MEYERS, | ) | |
| STEPHEN RITZ | ) | |
| and ALISA DEARMOND, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

**SISON, Magistrate Judge:**

Now before the Court is Firas Ayoubi's motion for transfer of venue pursuant to 28 U.S.C. § 1404 (Doc. 111). Specifically, Ayoubi moves to transfer this case to the Western Division of the Northern District of Illinois arguing, *inter alia*, he is now housed at Dixon Correctional Center ("Dixon"), which is located in the Northern District; that the circumstances underlying the complaint are on-going; that lawyers in the Northern District of Illinois will be more likely to take up the case if it is transferred; and that Wexford Health Sources, Inc. has attorney offices in the Northern District of Illinois. Defendants oppose the motion (Docs. 117, 118). Based on the following, the Court

**DENIES** the motion.

Pursuant to 42 U.S.C. § 1983, *pro se* Plaintiff Ayoubi filed his complaint for deprivations of his constitutional rights that occurred at Pinckneyville Correctional Center ("Pinckneyville"). After conducting the preliminary review of Ayoubi's complaint pursuant to 28 U.S.C. § 1915A, the following claim survived:

> Count 1: Eighth Amendment claim against Wexford Health Sources, Inc., Christine Brown, Scott Thompson, Dr. Alberto Butalid, Dr. Percy Meyers, Dr. Stephen Ritz and Alisa Dearmond for exhibiting deliberate indifference to Ayoubi's serious medical needs (worsening neurological symptoms associated with pain).

(Doc. 4). As to Thompson, Brown and Wexford, the Court also found that Ayoubi stated a viable claim against them "to the extent that he is alleging these defendants implemented and/or maintained cost-cutting policies aimed at denying inmate access to expensive treatment, *i.e.*, by delaying or denying referrals to specialists outside the prison. (Doc. 1, p. 11, 13-14, 18-19). *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Del Raine v. Williford*, 32 F.3d 1024, 1047 (7th Cir. 1994)(noting that personal involvement can take the form of formulating and directing an unconstitutional policy)."

As the motion to transfer venue is ripe, the Court turns to address the motion.[1]

---

[1] On September 18, 2019, Ayoubi filed a notice of appeal of the September 5, 2019 Memorandum and Order denying the motion for preliminary injunction (Doc. 113). The filing of the notice of appeal did not divest this Court of jurisdiction to rule on the motion to transfer venue. The Supreme Court said in *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), that "[t]he filing of a notice of appeal . . . divests the district court of its control over those aspects of the case involved in the appeal." But "*Griggs* notes an important limitation on the rule that just one court at a time possesses jurisdiction: the doctrine applies only to 'those aspects of the case involved in the appeal.'" *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995). The appeal seeks a decision regarding the denial of motion for preliminary injunction, not a decision regarding transferring this case to another judicial district.

Section 1404(a), which governs the transfer of an action from one federal district court to another, provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expenses . . . ." *Van Dusen v.* Barrack, 376 U.S. 612, 616 (1964). Ayoubi bears the burden of establishing that the transferee forum is "clearly more convenient." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 220 (7th Cir. 1986).

In weighing these factors, a task committed to the sound discretion of the trial judge, district courts must consider the statutory factors in light of all the circumstances of the case. *See Coffey,* 796 F.2d at 219. When assessing convenience, courts generally look to "each party's access to and distance from resources in each forum," "the location of material events," "the availability of and access to witnesses," and "the relative ease of access to sources of proof." *See Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.,* 626 F.3d 973, 978 (7th Cir. 2010).

As to the interests of justice, courts consider "docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Research Automation,* 626 F.3d at 978 (citations omitted). The Court stresses that "'unless the balance is strongly in

favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)(quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Stated more plainly, a tie goes to the plaintiff. *Id.* at 665.

Here, Ayoubi has not met his burden of demonstrating that the Northern District of Illinois is clearly more convenient. All of the incidents alleged in the complaint occurred in Pinckneyville, which is located in this judicial district. Further, Defendants Brown, Thompson, Butalid, Meyers, and Dearmond work at Pinckneyville and reside within that area. Unquestionably, the Southern District of Illinois is convenient for these Defendants.

As to the convenience of this forum to Ayoubi, the undersigned notes that the Northern District currently is more convenient for him. However, as Ayoubi is a prisoner within the Illinois Department of Corrections, there is a chance that Ayoubi could be transferred to another facility during this litigation. Also, the Court rejects Ayoubi's argument that he should be transferred because the Northern District of Illinois has a pro bono program and he would likely get appointed counsel if the case was transferred. The Southern District of Illinois also has a pro bono program for prisoner litigants. Moreover, the Court finds that Ayoubi may appear in court by videoconference from Dixon instead of traveling to the Southern District of Illinois for court hearings. Further, the medical records and prison records relating to this event are located in this judicial district and any other such documents (which are located in Dixon) can easily be brought to this judicial district. The Court does not believe that keeping the case in the Southern District

of Illinois would be especially inconvenient for Ayoubi. Thus, the Court is not persuaded that the transferor district is any less convenient for Ayoubi than the transferee district.

The same applies for the convenience of witnesses. According to Defendants, Ayoubi's Rule 26 disclosures identified 32 non-party and non-retained expert witnesses. Out of these, 22 of them are either employed at Pinckneyville or at the time of the disclosures were inmates housed at Pinckneyville. The remaining witnesses are employed at Cook County Jail, the Northern Reception and Classification Center, and Dixon, all within the Northern District. The Court finds that any of these 10 remaining witnesses deemed necessary to this case could be offered to the jury via deposition. As such, the Court finds that the Southern District of Illinois is a more convenient forum for the witnesses, particularly those who have particular knowledge of Ayoubi's care and treatment at Pinckneyville.

Lastly, the Court must consider the "interest of justice" component of the transfer analysis. "Public interests" address the interest of justice and include: (1) the speed of the proceeding; (2) the Court's familiarity with applicable law; and (3) the relation of the community to the occurrence and the desirability of resolving the controversy in its locale. Ayoubi's claim arises under federal law, thus, the familiarity with the law is neutral. Likewise is the speed at which the case will proceed to trial. Based on the most recent statistics, the median time from the filing of the case to trial in civil matters is 38.6 months in the Southern District of Illinois and 36.7 months in the Northern District of Illinois. While this factor slightly favors the Northern District, it is more or less neutral as

well. While plaintiff is a Northern District of Illinois resident, the Court notes that this judicial district has a strong interest in litigating this case as the allegations regarding Ayoubi's care happened in this judicial district. Similarly, to the convenience factors, the interest of just inquiry demonstrates the weight of the factors is tilted towards this judicial district. Thus, Ayoubi has not met its burden.

Accordingly, the Court **DENIES** Ayoubi's motion for transfer of venue pursuant to 28 U.S.C. § 1404(a) (Doc. 111).

**IT IS SO ORDERDED.**

**Date: October 30, 2019.**

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2019.10.30 11:32:47 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**