IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FIRAS M. AYOUBI,<br><br>        Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC.,<br>*et al.*,<br><br>        Defendants. | Case No. 18-cv-1689-NJR-GCS |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

On September 5, 2019, the undersigned adopted Magistrate Judge Gilbert C. Sison's Report and Recommendation and denied the Motion for Preliminary Injunction filed by Plaintiff Firas M. Ayoubi (Doc. 108). On September 18, 2019, Ayoubi filed a Notice of Appeal of the Court's September 5, 2019 Order (Doc. 113). He subsequently requested leave to appeal *in forma pauperis* (Doc. 125), which the Court granted (Docs. 129 and 129).

On November 4, 2019, Ayoubi filed another Notice of Appeal (Doc. 132). In that Notice of Appeal, Ayoubi seeks to appeal Judge Sison's October 24, 2019 order that denied Ayoubi's motion to reinstate malpractice claims against Defendants Butalid and Ritz (Doc. 126).

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A). *See also Walker v. O'Brien*, 216 F.3d 626, 630-31 (7th Cir. 2009). An appeal is taken in good faith if it seeks review of an issue that is not

clearly frivolous, meaning that a reasonable person could suppose it to have at least some legal merit. *Walker*, 216 F.3d at 632 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). The motion to proceed IFP must be supported by an affidavit that shows the party's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the issues that the party intends to present on appeal. *See* FED. R. APP. P. 24(a)(1).

To the extent that Ayoubi seeks to appeal Judge Sison's October 24, 2019 order denying Ayoubi's motion to reinstate malpractice counts against Defendants Butalid and Ritz, this decision is not appropriate for immediate appeal. It is not a final decision appealable under 28 U.S.C. § 1291, and it is not an appropriate order for appeal under 28 U.S.C. § 1292(b).[1] Case law suggests that the appropriate course to take when an appeal is taken from an unappealable non-final order is to deny leave to proceed *in forma pauperis* and to certify that the appeal is not taken in good faith. *See Westefer v. Snyder*, Case No. 00-cv-162-GPM, 2010 WL 381442, at *1 (S.D. Ill. Jan. 27, 2010); *Bernegger v. Banks*, No. 08-C-156, 2008 WL 4861912, at *2 (E.D. Wis. Nov. 3, 2008); *Bruette v. Adler*, No. 08-cv-28-bbc, 2008 WL 3842931, at *1 (W.D. Wis. Aug. 15, 2008); *Warren v. Berge*, No. 02-C-0093-C, 2002 WL 32348352, at *1-2 (W.D. Wis. Dec. 26, 2002).

For these reasons, the Court cannot say Ayoubi's request for leave to appeal *in forma pauperis* is in good faith. Because the appeal is determined to be in bad faith, Ayoubi's motion to proceed IFP on appeal (Doc. 145) is denied pursuant to 28 U.S.C. § 1915(a)(3). Ayoubi has thirty days from the date of this Order to reapply to the Seventh

---

[1] Magistrate Judge Sison's decision denying Ayoubi's motion to reinstate medical malpractice claims can be reviewed on appeal of the final judgment in this case, should Ayoubi take an appeal at that time.

Circuit Court of Appeals for leave to proceed in forma pauperis on appeal. FED. R. APP. P. 24(a)(5).[2]

The Court also notes that Ayoubi has filed a "Motion to Alter or Amend Order Granting Leave to Proceed on Appeal in Forma Pauperis" (Doc. 147). This motion is directed at the Court's previous order allowing Ayoubi to proceed *in forma pauperis* on appeal regarding the denial of his request for a preliminary injunction. In this motion, Ayoubi asks the Court to conduct an inquiry as to whether he met the imminent danger requirement of the Prison Litigation Reform Act to proceed on appeal in light of his three strikes. He further objects to the Court's assessment of the initial payment of $485.55. He asks the Court to amend the original Order to allow him to proceed under the imminent danger exception and to direct the Clerk to re-calculate the initial payment by using the method set forth by the PLRA.

As to Ayoubi's first request, the Court was not originally aware, but has now confirmed that Ayoubi has at least three strikes, some of which were assessed in the Northern District of Illinois. Pursuant to Section 1915(g), once a third strike is recorded against an inmate, he may not seek pauper status in any future civil action or appeal "unless [he] is under imminent danger of serious physical injury." In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini v. Salini*, 352 F.3d 328, 331 (7th Cir. 2003). Ayoubi's allegation that he suffers from a nervous tic that causes him pain and that he is presently being

---

[2] On November 21, 2019, Ayoubi initially filed a motion for extension of time to submit his *in forma pauperis* application, asking for a two-week extension, but then ended up filing his motion for leave to appeal IFP four days later on November 25, 2019 (Doc. 145). The Court finds the motion for extension of time to be moot.

denied medical care for a potentially serious medical condition permits him to invoke the "imminent danger" exception. *See Dye v. Bartow*, No. 13-CV-284-BBC, 2013 WL 5295690, at *2 (W.D. Wis. Sept. 19, 2013) (noting that a low bar is required to satisfy the imminent danger standard); *see also Ciarpaglini*, 352 F.3d at 331 (It is improper to adopt a "complicated set of rules about what conditions are serious enough" to constitute "serious physical injury" under 28 U.S.C. § 1915(g)).

As to Ayoubi's second request, the Court did calculate the initial partial filing fee by using the method set forth by statute. Moreover, the fact that Ayoubi qualifies under the imminent danger exception does not change this calculation.

Section 1915(b)(1) provides that the initial partial filing fee should be twenty percent of the greater of: (1) the average monthly deposits to the prisoner's trust fund account; or (2) the average monthly balance in the prisoner's trust fund account for the six-month period immediately preceding the filing of the suit. *See* 28 U.S.C. § 1915(b)(1)(A)-(B). For purposes of calculating the average monthly balance in a prisoner's trust fund account for the six-month period preceding the filing of a lawsuit, Section 1915 does not specify whether a court should use opening monthly balances, daily balances, or closing monthly balances and therefore the Court has elected more or less arbitrarily to use opening monthly balances, meaning the amount in Ayoubi's trust fund account on the first day of each of the six months preceding the filing of the Notice of Appeal. *See Pinkin v. Ayzenberg*, No. 98 C 5637, 1999 WL 410035, at *1 n.1 (N.D. Ill. May 27, 1999) (noting that, because Section 1915 is ambiguous as to whether opening monthly balances, daily balances, or closing monthly balances should be used to calculate a prisoner's initial partial filing fee, a court is free to use any one of the three or to rely

solely upon average monthly deposits to a prisoner's trust fund account in calculating the fee). The $485.55 fee represents twenty percent of the average of opening monthly balances for the six months preceding the filing of the Notice of Appeal. Thus, the Court denies Ayoubi's request to re-calculate the initial partial filing fee.

Accordingly, the Court **DENIES** Ayoubi's Motion for Leave to Appeal *in forma pauperis* (Doc. 145) and finds his Motion for Extension of Time (Doc. 143) to be **MOOT.** The Court also **GRANTS in part** and **DENIES in part** Ayoubi's Motion to Alter/Amend IFP Order (Doc. 147). The motion is granted the extent Ayoubi asks the Court to conduct an inquiry as to whether he can proceed under the imminent danger exception but denied as to his request for the Court to re-calculate the initial partial filing fee.

**IT IS SO ORDERED.**

**DATED:** December 9, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**