IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FIRAS M. AYOUBI, #R66956, **Plaintiff,** v. WEXFORD HEALTH SOURCES, INC., CHRISTINE BROWN, SCOTT THOMPSON, DR. ALBERTO BUTALID, DR. PERCY MYERS, DR. STEPHEN RITZ, and ALISA DEARMOND, **Defendants.** | Case No. 18-cv-01689-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Firas Ayoubi, an inmate of the Illinois Department of Corrections, brings this civil rights action pursuant to 42 U.S.C. § 1983 for the violation of his Eighth Amendment rights regarding the treatment of his neurological condition and associated pain. Before the Court are several motions filed by Ayoubi: a Motion for Appointment of Neutral Expert in Neurology and Order for Physical Examination (Doc. 131), a Motion to Commence Discovery (Doc. 163), and a Motion for Leave to Submit Bill of Costs (Doc. 164).

### MOTION FOR APPOINTMENT OF NEUTRAL EXPERT

Ayoubi asks the Court to appoint a neutral expert, a neurologist, to conduct an onsite physical evaluation of him pursuant to Federal Rule of Evidence 706 and Federal Rule of Civil Procedure 35. (Doc. 131). Ayoubi argues that the Court stated it would be amenable to ordering Dixon Correctional Center to allow a neurologist to come and evaluate him. He

states he has no money to afford more neurologists, and an evaluation by a neurologist would be advantageous for all the parties and the Court in providing a better understanding of his condition.

Defendants Wexford, Dr. Butalid, Dr. Myers, Dr. Ritz, and Dearmond filed a response in opposition. (Doc. 138). They argue that neither rule cited to by Ayoubi permits the Court to order an evaluation for his own benefit. Rule 35 allows the Court to direct an opposing party to make himself available for an examination, not appoint a medical expert at Ayoubi's request to examine himself. (*Id.* at p. 2). Additionally, Rule 706 is to aide that trier-of-fact to understand complex information, and a deliberate indifference claim, as Ayoubi is alleging, is "not so complicated that an expert [is] required to establish [Plaintiff's] case." (*Id.* at p. 3) (quoting *Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir. 1997)). Finally, they claim that the motion is an attempt by Ayoubi to evade the Court's Order denying his motion for a preliminary injunction, which sought a referral to a neurologist. (*Id.* at p.4).

Ayoubi filed a reply arguing that (1) Defendants downplay the complexity of his condition; (2) he is requesting a neutral expert chosen by the Court, not his own expert; and (3) a neutral evaluation and report would be advantageous to all parties, as Defendants have been unable to properly diagnose him. (Doc. 148).

Federal Rule of Evidence 706(a) gives the Court discretion to appoint a neutral expert to assist the Court in evaluating complex information or sort through conflicting evidence. *See Ledford,* 105 F.3d at 357; *DeJesus v. Godinez*, 720 F. App'x 766, 772 (7th Cir. 2017); *Elcock v. Davidson,* 561 F. App'x 519, 524 (7th Cir. 2014). Although Ayoubi argues that his condition is complex and a neutral expert would help the Court "identify what the appropriate course is to take and what really his condition could be" (Doc. 148, p. 4), he is essentially asking for the

Court to appoint an expert to help him establish the elements of his claim. Because his claim is one of deliberate indifference, it does "not demand that the [trier-of-fact] consider probing, complex questions concerning medical diagnosis and judgment." *Ledford*, 105 F.3d at 359. The Seventh Circuit has stated that an expert is not necessarily needed to prove deliberate indifference, as it is not like medical malpractice which "delves into reasonable standards of medical care." *Id.* While Magistrate Judge Sison previously stated, "to the extent that Ayoubi is able to obtain *his own* expert to review his condition, the undersigned would have no problem entering an order to allow any such expert into Dixon to examine Ayoubi[,]" (*Id.* at p. 7) (emphasis added), the Court does not need to appoint an expert to explain the symptoms that Ayoubi is experiencing and whether Defendants' knew of and disregarded a risk to his health or safety. *See also Turner v. Cox,* 569 F. App'x 463, 468 (7th Cir. 2014).

Furthermore, Federal Rule of Civil Procedure 35 "does not vest the court with the authority to appoint an expert to examine a party wishing an examination of himself. Rather, under appropriate circumstances, it would allow the court to order a party to submit to a physical examination at the request of an opposing party." *Brown v. United States,* 74 F. App'x 611, 614 (7th Cir. 2003).

Accordingly, the Court denies Ayoubi's request to be evaluated by a neutral expert pursuant to Federal Rule of Evidence 706 and Federal Rule of Civil Procedure 35.

## Motion to Commence Discovery

Ayoubi's motion asking the Court to commence discovery is granted (Doc. 163), and a scheduling and discovery order on the merits will be entered separately.

## Motion for Leave to Submit Bill of Costs

Ayoubi asks for leave to submit a detailed bill of costs in order to recover the costs

associated with responding to Defendants' motion for summary judgment for failure to exhaust administrative remedies. (Doc. 164). Federal Rule of Civil Procedure 54(d) permits a prevailing party in a civil action to recover costs, other than attorney's fees. "A litigant is a prevailing party when he has obtained a judgment on the merits.…" *Dupuy v. Samuels,* 423 F. 3d 714, 719 (7th Cir. 2005). Because this suit has not concluded and Ayoubi has not received a favorable judgment on the merits, the motion is premature and denied without prejudice.

### DISPOSITION

For the reasons stated above, the Motion for Appointment of Neutral Expert in Neurology and Order for Physical Examination is **DENIED** (Doc. 131), the Motion to Commence Discovery is **GRANTED** (Doc. 163), and the Motion for Leave to Submit Bill of Costs is **DENIED** (Doc. 164). A scheduling order setting deadlines for discovery and dispositive motions shall be entered in a separate order.

**IT IS SO ORDERED.**

DATED:   May 21, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**