IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FIRAS M. AYOUBI,**<br><br>**Plaintiff,**<br><br>v.<br><br>**WEXFORD HEALTH SOURCES, INC.,** *et al.,*<br><br>**Defendants.** | **Case No. 18-cv-01689-SPM** |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion to strike the expert report of Plaintiff's expert, Dr. Norman Kohn, filed by Defendants Wexford Health Sources, Inc., Butalid, Myers, Ritz, and Dearmond. (Doc. 243). Plaintiff, while he was still represented by counsel, filed a response in opposition. (Doc. 245).[1] For the following reasons, the motion is granted.

On March 9, 2022, Defendants filed a motion for summary judgment and a memorandum of law in support. (Docs. 233, 234). On April 8, 2022, Plaintiff, through court recruited counsel, filed a response in opposition to the motion and in support of the response attached an expert report from Dr. Norman Kohn, a medical doctor board certified in neurology. The report includes an affidavit, curriculum vitae, and two letters stating Dr. Kohn's opinions. (Doc. 241). Defendants argue that the documents should be stricken because Plaintiff failed to properly disclose Dr. Kohn as an expert in compliance with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). Dr. Kohn's curriculum vitae was not disclosed until after the close of discovery and the dispositive

---

[1] After the response in opposition to the motion to strike was filed by Attorney Renovitch on behalf of Plaintiff, Plaintiff filed a motion asking that the Court allow Attorney Renovitch to withdraw as his attorney of record. The motion was granted, and Plaintiff is now proceeding *pro se*. (Doc. 249).

motion deadline, and the disclosure does not include a fee schedule and list of cases in which Dr. Kohn has testified as an expert. The report also does not comply with Rule 26(a) as opinions contained in the letters are conclusory with no analysis on how or why Dr. Kohn reached such conclusions. Defendants further argue that the conclusions made by Dr. Kohn are inconsequential and irrelevant to Plaintiff's claim of deliberate indifference.

In response, Plaintiff does not deny that the report does not comply with Rule 26(a)(2)(B). Rather, he argues that Defendants' motion fails because he is not required to file an expert written report compliant with Rule 26(a)(2)(B) at this time, as the Court has not set a deadline for expert disclosures. He asserts that absent a court order or stipulation by the parties, his Rule 26(a)(2) expert disclosure is not due until 90 days before the date set for trial. (Doc. 245, p. 2) (citing FED. R. CIV. P. 26(a)(2)(D)(i)). Therefore, Dr. Kohn's documents cannot be stricken for noncompliance with Rule 26.

Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert witness to prepare a written report containing a complete statement of all opinions to be expressed, the basis and reasons therefore, and the data or other information considered by the expert in forming the opinions. The report must also include a list of exhibits to be used, the expert's qualifications, the expert's compensation, and a list of other cases in which the expert testified in the last four years. FED. R. CIV. P. 26(a)(B). Non-compliance with Rule 26(a)(2)(B) results in the exclusion of the expert's testimony unless the failure was substantially justified or is harmless. *Meyers v. Nat'l R.R. Passenger Corp. (Amtrak),* 619 F.3d 729, 734 (7th Cir. 2010); FED. R. CIV. P. 37(c)(1).

Dr. Kohn's report does not meet the requirements of Rule 26(a)(2)(B), as the report is both untimely and insufficient. It does not include a statement of compensation to be paid for his services or a list of the cases in which he has testified as an expert. *See Wallace v. Hounshel,* No. 06-cv-01560-RLY-TAB, 2008 WL 2184907, at *3 (S.D. Ind. May 22, 2008) (finding that the

defendants' failure to disclose the other cases in which the expert witness had testified was prejudicial). Additionally, the curriculum vitae was not disclosed to Defendants until Plaintiff filed his response in opposition to the motion for summary judgment, over five months after the discovery deadline had expired.

Most importantly, the letters expressing Dr. Kohn's opinions are not "detailed and complete." *See Salgado by Salgado v. Gen. Motors Corp.,* 150 F.3d 735, 741 n. 6 (7th Cir.1998) (citations omitted). In the letter dated October 3, 2018, originally submitted to the Court as an exhibit to the motion for preliminary injunction, Dr. Kohn concludes that "neurologic evaluation is warranted" and that ignoring the involuntary movement that Plaintiff was experiencing "and not obtaining a suitable specialty consultation, is akin to ignoring chest pain or blood in the stool: it would be outside of reasonable medical practice in the US, in 2018." (Doc. 241-1, p. 10; Doc. 23, p. 2). In the second letter dated March 18, 2019, originally submitted to the Court as a certificate of merit along with a motion to reinstate medical malpractice claims under Illinois state law, Dr. Kohn concludes that "[f]ailure to pursue diagnosis and treatment of a recognized clinical problem, and knowing disregard for recognized relevant specialty opinion, is outside of accepted standards for medical care." (Doc. 241-1, p. 8; Doc. 59). Other than reviewing "certain" medical records, the letters do not explain the basis and reasons for his opinions.

Plaintiff's argument that he is not required to disclose experts in compliance with Rule 26(a)(2)(B) until 90 days before trial is incorrect. Federal Rule of Civil Procedure 26(a)(2)(D) provides that a party must disclose the identity of any witness, including expert witnesses, "at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). In the Scheduling and Discovery Order, the Court instructed that "all discovery must be completed by March 22, 2021." (Doc. 170). This deadline was later extended to October 19, 2021. (Doc. 219). Because the Court set a specific deadline for the close of discovery, the 90-day default rule referred to by Plaintiff

does not apply in this case. *See Hassebrock v. Bernhoft,* 815 F. 3d 334, 340-41 (7th Cir. 2016) (disclosure of expert witness and filing of expert report several weeks after discovery deadline was untimely); *Sherrod v. Lingle,* 223 F. 3d 605, 612-13 (7th Cir. 2000). By October 19, 2021, Plaintiff should have disclosed Dr. Kohn as an expert witness in accordance with Rule 26(a)(2)(B).

Dispositive motions have been filed, and there is no further time for discovery. As Plaintiff has offered no substantial justification for non-compliance with Rule 26(a) or how his failure to do so is harmless, the motion to strike is **GRANTED**. FED. R. CIV. P. 37(c)(1). *See Musser v. Gentiva Health Serv.,* 356 F. 3d 751, 758 (7th Cir. 2004) (a "misunderstanding of the law does not equate to a substantial justification for failing to comply with the disclosure deadline"); *Lor v. Kelley,* 436 F. App'x 634, 638 (7th Cir. 2011); The Court will not consider this exhibit (Doc. 241-1) in ruling on the motion for summary judgment.

**IT IS SO ORDERED.**

**DATED:** March 20, 2023

                                                              *s/Stephen P. McGlynn*
                                                        **STEPHEN P. MCGLYNN**
                                                        **United States District Judge**